**IRMA KALVET MOERD, Executrix of the Last Will and Testament of JENNIE ADAH MARSHALL,**

**Deceased, Plaintiff**

**v.**

**METROPOLITAN LIFE INSURANCE, CO., Defendant**

Civil No. 273-1973

District Court of the Virgin Islands

Div. of St. Croix

March 3, 1975

JOHN D. MERWIN, ESQ., Frederiksted, St. Croix, V.I., *for plaintiff*

BIRCH, DE JONGH & FARRELLY, ESQS. (ALEXANDER FARRELLEY, of counsel), St. Thomas, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

Defendant Metropolitan Life Insurance Company moves pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss the instant action on the ground that this Court lacks personal jurisdiction over it. Initially, I would point out that the motion was filed on July 2, 1973, more than a year and a half prior to receipt by this Court of a letter from defendant's counsel notifying me of the pendency of said motion. In his preamble to the July 2, 1973 motion, defendant's counsel suggests that "[t]his Motion may be heard at such time as the Court sets it down or counsel specifically notices the same for oral argument". It has been the practice in this Court that the *moving party* sets the hearing date in his Notice of Motion; or if oral argument is waived, that the moving party set a date on which the Court will take the matter under advisement. Not only does this practice take the burden of so doing off the Court but it also ensures that the momentum of the litigation will not be slowed by intentional delays on the part of either party. Moreover, it is inconceivable that the attorneys for both plaintiff and defendant in this action

427

would have permitted the litigation to lie dormant for such an extended period of time.

■■ Proceeding to the merits of defendant's motion, I find that this Court does not have personal jurisdiction over Metropolitan Life Insurance Company. The company is not authorized to transact business in the Virgin Islands, nor does it "do business" through a subsidiary company or have a resident agent for the acceptance of process. Consequently, any personal jurisdiction over the company must necessarily be derived from the Virgin Islands longarm statute. 5 V.I.C. § 4903 reads in pertinent part:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's. . . . (6) contracting to insure any person . . . located within this territory at the time of contracting."

However inartful the foregoing phraseology may be, I interpret the statute to require that the insured be domiciled in the Virgin Islands at the time the life insurance contract is entered into. In support of this interpretation, I refer to Section 192 of the Restatement of Conflicts (Second), which suggests that the most important consideration in determining choice-of-law in a life insurance context is the domicile of the insured at the time application for the policy is made. Cf. Pierkowskie v. New York Life Insurance Co., 147 F.2d 928, 932 (3rd Cir. 1944). Although such choice-of-law rules are not strictly applicable in a determination of a court's jurisdiction over a party, they nonetheless can provide guidance in the interpretation of an ambiguous statute.

The jurisdictional issue thus boils down to whether the insured was domiciled in the Virgin Islands when the contract with defendant was entered into. Defendant's affidavit, which remains uncontradicted in the record, asserts that the insured was a New York resident upon the issuance of the policy. The fact that insured may have been

domiciled here at death constitutes insufficient contacts with the Virgin Islands to satisfy the jurisdictional predicate.

### ORDER

In accordance with the foregoing Memorandum Opinion and the reasons set forth therein, it is hereby

ORDERED that plaintiff's complaint be and is DISMISSED for lack of personal jurisdiction over defendant.