**TUKY AIR TRANSPORT, d/b/a CARIBBEAN AIR CARGO, Plaintiff**

v.

**EDINBURGH INSURANCE COMPANY, LTD., Defendant**

Civil No. 81-407

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 27, 1982

239

Gᴇᴏʀɢᴇ H. Hᴜʙsᴄʜᴍᴀɴ, Esᴏ., St. Thomas, V.I., *for plaintiff*

Jᴏᴇʟ W. Mᴀʀsʜ, Esᴏ., St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on the motion of defendant to dismiss the complaint. Defendant offers the following three alternative grounds for its motion: (1) lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1); (2) lack of in personam jurisdiction, id. 12(b)(2); and (3) inconvenient forum, 5 V.I.C. § 4905. On the basis of the submitted memoranda and affidavit, and for the reasons set forth below, we conclude that the motion to dismiss must be denied.

The complaint in this action sets forth a breach of contract claim by an insured against its insurer. Plaintiff is a corporation organized under the laws of the Commonwealth of Puerto Rico with its principal place of business in San Juan, Puerto Rico. Defendant is a corporation organized under the laws of the British Virgin Islands with its principal place of business, in Road Town, Tortola, British Virgin Islands. Defendant is qualified to conduct business in the United States Virgin Islands by virtue of holding a certificate of authority for an "alien" insurer issued by the Commissioner of Insurance in accordance with 22 V.I.C. §§ 206, 207(b) and 208. Defendant also maintains a resident agent in the United States Virgin Islands under the terms of 13 V.I.C. § 401 ("Qualification [of foreign corporations] to do business in the Virgin Islands").

In consideration of prescribed premiums, the defendant-insurer issued an insurance policy for an aircraft owned by plaintiff.[1] The insurance contract was executed in Road Town, Tortola, British Virgin Islands on February 16, 1981. By the terms of the policy, the insurer agreed to pay for the loss of, or any damage to the aircraft caused by collision. On March 28, 1981, the insured airplane was damaged at sea and subsequently lost. Whether the situs of the accident was within the territorial limits of the U.S. Virgin Islands is disputed by the parties. Although plaintiff claims to have filed a timely claim for the loss with defendant in accordance with the terms of the policy, it alleges that the defendant has "failed and refused" to honor the claim. It is this alleged failure to comply with terms of the parties' contract as well as the alleged failure to settle the claim in "good faith" which forms the basis of this action for damages.

---

[1] Since the property to be insured was not located within the U.S. Virgin Islands at the time of contracting, personal jurisdiction cannot be premised on 5 V.I.C. § 4903(a)(5).

The arguments advanced by defendant will be discussed seriatim, as follows.

A) *Subject Matter Jurisdiction*

■ Defendant contends that the present cause of action between the two nonresidents did not arise within the U.S. Virgin Islands, and that the courts of this territory are therefore without authority to adjudicate the matter. However, the general rule is that a cause of action which seeks recovery of damages based upon an alleged breach of contract is transitory in nature and "may therefore be adjudicated by any court which has jurisdiction in personam of the defendant, irrespective of where the contract was concluded, and irrespective of where it is to be performed." 20 Am.Jur.2d, Courts § 126 (1965). This is true even if neither party is a resident of the forum jurisdiction. See e.g. James H. Rhodes and Co. v. Chausovsky, 60 A.2d 623 (N.J. 1948).

■■ As the Court of Appeals for the Third Circuit has recently explained:

> . . . the relationship of the forum to the cause of action . . . may be relevant to questions of personal jurisdiction, choice of law and forum non conveniens, but is not relevant to the issue of subject matter jurisdiction. . . . As a court of general original jurisdiction the subject matter jurisdiction of the District Court [of the Virgin Islands] is limited only by the terms of the Revised Organic Act.

Carty v. Beech Aircraft Corp., 679 F.2d 1051 at 1058 (3rd Cir. 1982). Because this transitory action does not fall within the subject matter exceptions contained in the Revised Organic Act, Rule 12(b)(1) provides no basis upon which the complaint may be dismissed if this Court may properly exercise personal jurisdiction over the defendant.

B) *In Personam Jurisdiction*

It is the contention of defendant that plaintiff has failed to satisfy any of the requirements set forth in the Virgin Islands long arm statute, 5 V.I.C. § 4903, and that this Court therefore lacks the authority to exercise personal jurisdiction. Because defendant is not organized under the laws of and does not maintain its principal place of business in the U.S. Virgin Islands, personal jurisdiction cannot be based upon 5 V.I.C. § 4902 ("Personal jurisdiction based upon enduring relationship"). And yet the Virgin Islands long arm statute ("Personal jurisdiction based upon conduct") would not

242

appear to be even implicated where, as in this case, the nonresident defendant is licensed to do business in and maintains a resident agent in the U.S. Virgin Islands. The question therefore presented is whether in the absence of an applicable jurisdictional statute, a nonresident corporation qualifying to do business in the Virgin Islands may, as a matter of procedural due process, be subject to the jurisdiction of the courts of this territory even with respect to a cause of action not arising out of its transactions in the forum and even when the plaintiff is a nonresident of the forum.

Defendant maintains a resident agent in the U.S. Virgin Islands by virtue of two separate statutes: 13 V.I.C. § 401 which sets forth the qualifications and requirements for any type of foreign corporation to do business in the Virgin Islands, and 22 V.I.C. §§ 206–208 which set forth the requirements for an "alien" insurer to transact insurance business in the territory. Section 401(a) of Title 13 requires, inter alia, that a foreign corporation doing business in the U.S. Virgin Islands file with the Office of the Lieutenant Governor a certificate "stating the name of its authorized agent in the Virgin Islands upon whom service of legal process against it may be made. . . ." Under the terms of the Insurance Code (Title 22) all insurers, in order to obtain a certificate of authority from the Commissioner of Insurance, must file "an appointment of the Commissioner as its attorney to receive service of legal process." 22 V.I.C. § 206(2)(d). An "alien" insurer—"one formed under the laws of a nation other than the United States," 22 V.I.C. § 201(3)—must, in addition, post a bond with the Commissioner on "condition that the surety . . . on the bond shall be answerable to the amount of the bond for all judgments . . . rendered against the principal on the bond by any court of the Virgin Islands for the payment of money." 22 V.I.C. § 208(a).

It has been a long established proposition, free from Constitutional doubt, that a state or territory may exercise judicial authority over an individual who is physically present within its borders and who by virtue of statutory requirements may be deemed to have consented to that authority. See e.g., Restatement (Second) of Conflict of Laws § 28 (1971). With respect to agents of a nonresident corporate defendant present within the forum, the Supreme Court has held as follows:

> if an authorized representative of a foreign corporation be physically present in the state of the forum and be there engaged in activities appropriate to accepting service or receiving notice on its behalf, we recognize that there is no unfairness in subjecting

243

that corporation to the jurisdiction of the courts of that state through such service of process upon that representative.

Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 444 (1952) (a foreign corporation without a registered agent in the forum amenable to suit even though cause of action did not arise in forum or relate to its activities there). The above-quoted rule is consistent with the demands of the Due Process Clause of the Constitution[2] for two reasons: one, that "to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protections of the laws of that state" thereby, subjecting itself to certain concomitant duties, International Shoe Co. v. Washington, 336 U.S. 310, 319 (1945), and two, that by enjoying such privileges within the forum state or territory, the foreign corporation "has clear notice that it is subject to suit there. . . ." World Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980). See also Bryant v. Finnish National Airline, 260 N.Y.S.2d 625, 627 (N.Y. 1965) (a foreign corporation is subject to personal jurisdiction if it transacts "with a fair measure of continuity. and regularity, a reasonable amount of its business within" the forum).

■ In the present case, the defendant corporation has, as a condition to doing business in the Territory of the Virgin Islands, expressly designated a resident agent for the purpose of receiving service of process. By virtue of its certificate to transact business in the territory as a foreign corporation (as well as an alien insurer), defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum" Hanson v. Denckla, 357 U.S. 235, 253 (1958) in a way that would justify bringing it before the courts of the forum. As was stated by the Supreme Court of Florida in a case on all fours with the present action:

> If a suit in personam on a cause not arising in the . . . forum may be properly brought against a foreign corporation which has not registered to do business or designated an agent for accepting service of process . . . as was held in the Perkins case [supra], logic and reason compel the conclusion that such an action may be properly brought against a foreign corporation which *has* . . . register[ed] to do business in the [forum] and . . . designat[ed] . . . [a resident] agent pursuant [to the laws of the forum].

---

[2] Made applicable in the Virgin Islands by virtue of § 3 of the Revised Organic Act of 1954, as amended.

Confederation of Canada Life Insurance Co. v. Vega Y Arminam, 144 So.2d 805, 810 (Fla. 1962) (emphasis added) (subjecting foreign insurer authorized to do business in the forum, to service of process and jurisdiction of courts of the forum does not violate requirements of due process even though cause of action arose outside the forum and was brought by a noncitizen residing within the forum). See also, Jackson v. Iberia Airlines of Spain, Civ. No. 82-28, 1982 St. T. Supp. (D.V.I. August 13, 1982).

■ More importantly, the nonresident corporate defendant, by virtue of its certificate to do business in the U.S. Virgin Islands, is thereby put on notice of its amenability to suit in the territory and to the exercise of in personam jurisdiction by the courts of the territory. The applicable statutes governing service of process on foreign corporations in general (13 V.I.C. § 401) and on alien insurers in particular (22 V.I.C. § 205) draw no distinction between an action brought against such entities by a nonresident and an action brought by a resident. The considerations of "fairness" and notice mandated by the due process clause are in no way jeopardized where, as in this case, the plaintiff is nonresident of the forum. Cf., Confederation of Canada Life Insurance Co. v. Vega Y Arminan, supra.

■ We therefore conclude that a foreign corporation which is authorized to do business in the Virgin Islands and which has designated an agent for accepting service of process, each in accordance with the terms of Title 13 of the Virgin Islands Code, is subject to the jurisdiction of the courts of this territory, even though the cause on which it is sued arose outside the territory and even though the action is brought by a nonresident. Accordingly the motion to dismiss for lack of in personam jurisdiction will be denied.

C) *Forum Non Conveniens*

■ ■ Section 4905 of Title 5 of the Virgin Islands Code provides that the Court may dismiss or stay an action in whole or in part when it finds "that in interest of substantial justice the action should be heard in another forum." This provision is consistent with the established view that the exercise of the power to dismiss an action on the basis of forum non conveniens is entirely within the discretion of the Court. Among the factors which the Court may look to in determining whether an action should be tried in another jurisdiction are the following: "(a) amenability of the parties to personal jurisdiction in other states or nations in any alternative forum;

(b) convenience to the parties and witnesses of trial in the forum and in any alternative forum; (c) differences in conflict of law rules applicable in the forum and in any alternative forum; or (d) any other factors having substantial bearing upon the selection of a convenient reasonable and fair place of trial." Uniform Interstate and International Procedure Act § 105, Commissioners' comment, 13 U.L.A. 476 (1980). (5 V.I.C. § 4905 is adopted verbatim from the Uniform Act.)

██ ██ Having concluded that defendant is amenable to suit in this Court, we need only refer to the factors listed above as (b), (c) and (d) in deciding the question of convenience of forum. The general rule is that the "defendant bears a significant burden when it attempts to dismiss for inconvenience plaintiff's choice of forum . . ." Deupree v. Le, 402 A.2d 428, 429 (D.C. 1979) (applying the Uniform Interstate Procedure Act). Moreover, the rule with respect to contract actions is that they "be allowed to proceed to trial in the chosen forum, except in the most exceptional of circumstances even where the relationship of the parties to the [forum] is tenuous." Amercoat Corp. v. Reagent Chemical and Research, Inc., 261 A.2d 380, 388 (N.J. Super. Ct. App. Div. 1970). Acknowledging that in the present case the relationship of the parties to the U.S. Virgin Islands might be deemed "tenuous", we nevertheless decline to dismiss the cause on the basis of the forum non conveniens rule. With respect to the question of choice of law, there appear to be no significant differences between the conflict of law rules of this forum and the two alternative jurisdictions, one, or both of whose laws may be implicated in this action. Because it appears from the pleadings that this action concerns the validity and enforceability of the parties' contract of insurance, the court will probably need to refer in part to the law of the place of contracting and/or the place of negotiation. In any event, such foreign law can be proved and applied without great inconvenience. Cf. Rhodes & Company v. Chausovsky, supra.

██ As far as the logistics of litigation are concerned defendant will suffer no substantial hardship by a trial of this matter in the U.S. Virgin Islands. As plaintiff suggests, this forum literally represents a "middle ground" between the principal place of business of plaintiff and the principal place of business of defendant. The availability of witnesses and the accessibility to relevant evidence is not unduly restricted by a trial in this forum. Moreover, plaintiff alleges that the accident which gives rise to this action actually took place within the contiguous waters of the U.S. Virgin Islands. Although this jurisdiction is clearly not the only forum in

246

which the present action could be properly maintained, the "interests of substantial" justice are in no way undermined by plaintiff's selection. Exercising the discretion afforded by 5 V.I.C. § 4905, the motion to dismiss for inconvenient forum will be denied.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant Edinburgh Insurance Company, Ltd., to dismiss the above captioned action be, and the same is hereby, DENIED.