William **KRESSEN**, Plaintiff,

v.

**FEDERAL INSURANCE CO.**, Chubb & Son, Inc. (a.k.a. Chubb Group of Insurance Companies), Chubb Insurance Company of New Jersey, Henderson & Phillips, Inc.(a.k.a. Henderson & Phillips Insurance), and John Doe, Defendants.

Civil No. 1999–181.

District Court, Virgin Islands,
D. St. Croix.

May 8, 2000.

Natalie Nelson, Christiansted, for William Kressen.

Gina Smith, Hymes & Zebedee, St. Thomas, for Federal Insurance Co., Chubb & Son, Inc.

Frederick G. Watts, Watts & Benham, St. Thomas, for Henderson & Phillips, Inc.

### Memorandum Opinion

FINCH, Chief Judge.

Presently before the Court are (1) Defendant Henderson and Phillips, Inc.'s ("H & P") Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Improper Venue and (2) Defendant Federal Insurance Co.'s ("Federal") and Defendant Chubb & Son, Inc.'s ("Chubb") Motion to Dismiss for Improper Venue and Forum Non Conveniens, or, alternatively, to Transfer Venue to the Eastern District of Virginia. For the reasons expressed below, the Court will (1) grant Defendant H & P's Motion to Dismiss for Lack of Personal Jurisdiction and (2) deny Defendant Federal's and Defendant Chubb's Motion to Dismiss for Improper

Venue, but grant the Motion to Transfer Venue to Virginia.

## I. Facts

Plaintiff alleges the following facts. Federal is an insurance company that is a citizen of Indiana but that performs business in the Territory of the U.S. Virgin Islands. Chubb is an insurance company that is a citizen of New Jersey but that performs business in the Territory of the U.S. Virgin Islands. H & P is a citizen of Virginia and the licensed registered agent of Federal. At all times, H & P operated with specific authority of Federal. Plaintiff is a resident of St. Croix, U.S. Virgin Islands and is an insurance adjuster and shipmaster by profession.

Plaintiff purchased a renters insurance policy from Defendant H & P, an insurance agency which served as the broker authorized to issue insurance policies on behalf of Defendant Federal and Defendant Chubb. The policy was for Plaintiff's premises located in Chesapeake, Virginia. Plaintiff contends that Defendant H & P, as an agent of Federal, continuously and repeatedly represented to Plaintiff that the insurance policy would provide Plaintiff with coverage against loss of contents or personal property anywhere in the world. The policy covered the period from November 5, 1997 through November 5, 1998. Throughout the term of the policy, Defendants accepted full monthly premiums from Plaintiff which were never returned.[1]

During the term of the policy, Plaintiff relocated to Puerto Rico. Plaintiff claims that he promptly provided Defendant H & P with notice of his relocation to Puerto Rico.[2]

On or about September 21, 1998, Plaintiff suffered a total loss of personal property and contents at his place of residence in

Puerto Rico as a result of Hurricane Georges. Plaintiff filed a claim for the loss on or about September 25, 1998. The claim was subsequently adjusted by Defendant Chubb. Plaintiff claims that Chubb offered, and Plaintiff accepted, partial payment under the policy with full knowledge that Plaintiff had suffered a total constructive loss in excess of policy limits. Thus, Plaintiff contends that he accepted the partial payment under the policy, but reserved the right to present a claim for the full policy limits. On or about October 8, 1998, Plaintiff contacted H & P in Virginia and advised them of his loss.

Plaintiff then relocated to the U.S. Virgin Islands where he currently resides. On November 4, 1999, Plaintiff filed his Complaint in the instant action. On November 11, 1999, Defendant Federal denied Plaintiff's insurance claim stating that because the policy was procured by fraud, it was void ab initio and thus no coverage for Plaintiff's loss existed.

## II. Analysis

### A. Personal Jurisdiction

■ When a federal court sits in diversity, its exercise of personal jurisdiction over a nonresident defendant must comport with the long-arm statute of the forum and with the Due Process Clause of the United States Constitution. *In re Tutu Wells*, 846 F.Supp. 1243, 1264 (D.Vi. 1993); *Carson v. Skandia Ins. Co., Ltd.*, 19 V.I. 138, 146 (D.V.I.1982); *see also Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir.2000) (citing Fed.R.Civ.P. 4(e)(1), 4(h)(1), 4(k)(1)). In deciding a motion to dismiss for lack of personal jurisdiction, the Court takes the allegations of the Complaint as true. *Dayhoff, Inc. v. H.J. Heinz, Co.*, 86 F.3d 1287, 1302 (3d Cir.1996). However, it is Plaintiff's bur-

---

**1.** Defendants dispute this alleged fact. Defendants contend that they never accepted premium payments from Plaintiff in Puerto Rico.

**2.** Defendants contend that Plaintiff did not advise H & P of his change in principal resi-

dence from the Chesapeake, Virginia location to the loss location in Puerto Rico until after the October 8, 1998 notification of total loss of his personal property and contents.

den to establish by a preponderance of the evidence that personal jurisdiction is proper. *In re Tutu Wells,* 846 F.Supp. at 1264 (citing *Patterson by Patterson v. F.B.I.,* 893 F.2d 595, 604 (3d Cir.1990), *cert. denied,* 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990)); *Carteret Savings Bank v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992); *see also Provident National Bank v. California Federal Savings & Loan Assn.,* 819 F.2d 434, 437 (3d Cir. 1987) ("Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction.").

### 1. Virgin Islands Long–Arm Statute

The Virgin Islands long-arm statute, 5 V.I.C. § 4903, provides:

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

(1) transacting any business in this territory;

(2) contracting to supply services or things in this territory;

(3) causing tortious injury by an act or omission in this territory;

(4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;

(5) having an interest in, using, or possessing real property in this territory; or

(6) contracting to insure any person, property, or risk located within this territory at the time of contracting.

(7) causing a woman to conceive a child, or conceiving or giving birth to a child; or

(8) abandoning a minor in this Territory.

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

5 V.I.C. § 4903 (1997).

■ Applying 5 V.I.C. § 4903 to Defendant H & P, the Court finds that it does not have personal jurisdiction over this Defendant. H & P correctly points out that only subsections (1), (2), (4) and (6) could conceivably apply to the instant action. H & P has submitted the affidavit of Steven L. Reardon, Vice President of H & P, in support of its claim that the provisions of § 4903 do not apply to it. The affidavit provides, in relevant part:

[H & P] is a corporation organized under the laws of the Commonwealth of Virginia. The principal place of business of [H & P] is [Virginia]. . . . [H & P] is not licensed and does not do business in the United States Virgin Islands . . . . It has, on occasion assisted clients in locating suitable agents that can get the needed insurance placed. This latter activity was done as an accommodation to said clients. [H & P] does not have a registered agent upon whom process can be served in the United States Virgin Islands. [H & P] has no agents, offices, bank accounts, or post offices boxes in the United States Virgin Islands. [H & P] does not solicit business in the United States Virgin Islands. [H & P] has not sought to participate in any business activity in the United States Virgin Islands and does not receive substantial revenue from any such activity.

Affidavit of Steven L. Reardon, dated December 21, 1999.

Based upon Reardon's Affidavit, H & P (1) does not transact business in the Virgin Islands; (2) does not contract to supply services or things in this territory; (3) does not regularly solicit business, or engage "in any other persistent course of conduct, or derive substantial revenue

from goods used or consumed or services rendered," in the Virgin Islands; and (4) does not contract to insure any person, property or risk anywhere because the firm is an insurance agent not a company, nor does the firm carry out its insurance agent activities in this territory.[3] 5 V.I.C. § 4903 (1997).

Plaintiff's Complaint makes no allegation that any of H & P's conduct, about which Plaintiff complains, took place in the territory or had any territorial connection. *See* 5 V.I.C. § 4903(b) (1997). Nor does Plaintiff submit any affidavits or other evidence which would support a finding of personal jurisdiction under the Virgin Islands long-arm statute. *See Compagnie des Bauxites de Guinea v. Insurance Co. of North America*, 651 F.2d 877, 880 (3d Cir.1981) ("A defendant's challenge to the court's in personam jurisdiction imposes on the plaintiff the burden of coming forward with facts, by affidavit or otherwise, in support of personal jurisdiction").

### 2. *Due Process*

Rather, Plaintiff argues that H & P, "in its capacity as authorized agent for Federal and Chubb, knowingly and intentionally issued an insurance policy to Plaintiff and repeatedly assured Plaintiff that his personal contents would be covered for losses incurred anywhere in the world." Plt's Opp. at 4. Plaintiff contends that based upon these representations, it is sufficient and reasonable for Defendant to anticipate defending an action outside of Virginia.

■ It appears that Plaintiff's argument is based on due process and not the Virgin Islands long-arm statute. At the outset, the Court notes that a due process analysis is not necessary once the Court finds that the provisions of the Virgin Islands long-arm statute have not been satisfied. Specifically, the Third Circuit has held that if the Court finds that a defendant is not subject to the Court's jurisdiction under the state's long-arm statute, then the Court need not engage in a due process analysis. *Pennzoil Products Co. v. Colelli & Associates, Inc.*, 149 F.3d 197, 203 (3d Cir.1998) ("A valid assertion of personal jurisdiction must satisfy both the state long-arm statute, and constitutional due process.") (citations omitted).

■ However, even under a due process analysis, Plaintiff's claim of personal jurisdiction fails. The Supreme Court has held that "foreseeability" alone has "never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Under the Due Process Clause of the Fourteenth Amendment, the Court "must determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy traditional notions of fair play and substantial justice." *Pennzoil*, 149 F.3d at 203 (3d Cir.1998) (quotations omitted). "A finding of minimum contacts demands the demonstration of some act by which the defendant purposely availed itself of the privilege of conducting business within the forum State, thus invoking the protection and benefits of its laws." *Id.* (quotations omitted). In the instant case, no such minimum contacts exist.

Additionally, Plaintiff claims that a lawsuit may be brought against a foreign corporation even though the corporation does not have a registered agent in the forum, and the cause of action did not arise in the forum or relate to its activities in the jurisdiction. Plaintiff's argument is

---

**3.** In interpreting subsection (6) of 5 V.I.C. § 4903, this Court has held that in order for the Court to have personal jurisdiction based on this subsection "the insured [must] be domiciled in the Virgin Islands at the time the ... insurance contract is entered into." *Moerd v. Metropolitan Life Ins., Co.*, 11 V.I.

426, 428 (D.V.I.1975). In the instant case, Plaintiff was not a resident of the Virgin Islands at the time he entered into the insurance contract. Therefore, for this reason alone, subsection (6) does not establish jurisdiction over Defendant H & P.

grounded upon *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952) and *Tuky Air Transport d/b/a Caribbean Air Cargo v. Edinburgh Ins. Co., Ltd.*, 19 V.I. 238 (D.V.I.1982). Plaintiff's reliance upon these cases is misplaced.

In *Perkins*, the Supreme Court held that the Fourteenth Amendment allows the courts of Ohio to exercise or decline personal jurisdiction over a Phillippines corporation which "had been carrying on in Ohio a continuous and systematic, but limited, part of its general business. Its president, while engaged in doing such business in Ohio, [had] been served with summons in [the] proceeding." *Perkins*, 342 U.S. at 438, 72 S.Ct. 413. The Court did note that "[t]he cause of action sued upon did not arise in Ohio and does not relate to the corporations's activities there." *Id.* However, because of the defendant's business activities in *Perkins*, the Supreme Court found that the defendant had sufficient contacts to support the exercise of jurisdiction by the courts of Ohio. *Id.* The instant action is distinguishable. Defendant H & P does no business in the Virgin Islands and service was made on the registered agent of the corporation in Virginia.

*Tuky* involves an action where this Court held that the defendant had sufficient contacts with the U.S. Virgin Islands to support a finding of personal jurisdiction despite the fact that the transaction at issue did not demonstrably concern the U.S. Virgin Islands. *Tuky*, 19 V.I. at 245. The defendant in *Tuky* is distinguishable from Defendant H & P in the instant action. In *Tuky*, the defendant was "qualified to conduct business in the United States Virgin Islands by virtue of holding a certificate of authority for an 'alien' insurer issued by the Commissioner of Insurance in accordance with [the Virgin Islands Code]." *Tuky*, 19 V.I. at 241. More-

over, the defendant in *Tuky* maintained a resident agent in the Virgin Islands. *Id.* As previously stated, H & P neither conducts business, nor has an agent in the Virgin Islands.

In sum, the Court finds that personal jurisdiction over Defendant H & P cannot be established under both the Virgin Islands long-arm statute and the Due Process Clause. Accordingly, the Court will grant H & P's motion to dismiss.[4]

## B. Venue

■ Defendants Federal and Chubb argue that the instant case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3), improper venue. The party challenging venue must prove its impropriety. 2 MOORE's FEDERAL PRACTICE § 12.32[4] (3d ed.1999).

The general venue provision of the U.S.Code provides:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391 (Supp.1999).

■ Because the Court has dismissed H & P from the instant action, venue is proper under § 1391(a)(1). Specifically, the remaining Defendants Federal and Chubb are both residents of the Virgin Islands for purposes of venue.[5]

---

4. Because the Court will grant H & P's motion to dismiss on the grounds that there is no

in personam jurisdiction, the Court need not address H & P's venue argument.

5. Defendants Federal and Chubb claim that

### C. Dismissal under Forum Non Conveniens and Transfer under 28 U.S.C. § 1404(a)

Even though the Court finds that the Virgin Islands is the proper venue, the Court may either dismiss or transfer the instant action based upon the principle of forum non conveniens. The doctrine of forum non conveniens is codified at 5 V.I.C. § 4905[6] and dismissal under this section is entirely within the discretion of the Court. *Tuky Air Transport v. Edinburgh Ins. Co.*, 19 V.I. 238, 245 (D.V.I. 1982). Traditionally, dismissal under the common law doctrine of forum non conveniens imposes a heavy burden upon Defendants. Conversely, transfer to a new federal forum under the venue statute only requires that the transfer be "for convenience of the parties, in the interest of justice." 28 U.S.C. § 1404(a) (1993);[7] *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). The Court finds that based upon the facts of the instant case and in the interest of justice, transfer is more appropriate than dismissal.

Section 1404(a) of Title 28 of the United States Code was drafted to allow a transfer upon a lesser showing of inconvenience than the showing required for dismissal under the doctrine of forum non conveniens. *Norwood*, 349 U.S. at 32, 75 S.Ct. 544; *see also Schoen v. Mountain Producers Corp.*, 170 F.2d 707, 714 (3d Cir.1948). However, in deciding a § 1404 transfer motion, the Court relies on the same factors applicable to a determination of whether dismissal is appropriate. *Norwood*, 349 U.S. at 32, 75 S.Ct. 544.

Before turning to the relevant considerations, the Court must first determine whether "the transferee venue is one in which the case 'might have been brought.'" *Rappoport v. Steven Spielberg, Inc.*, 16 F.Supp.2d 481, 497–498 (D.N.J.1998) (quoting 28 U.S.C. § 1404(a)); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). In the instant action, the Court finds that this case could have been brought in Virginia in accordance with 28 U.S.C. § 1391. The following facts support such a finding: (1) the place of contracting and negotiation of the insurance policy took place in Virginia; (2) the parties contemplated that the place of performance of the contract would be Virginia as the location of the policy's subject matter, to wit, Plaintiff's personal property, was 1232 Priscilla Lane, Chesapeake Virginia; and (3) Defendants Federal and Chubb do business in Virginia.

Next, the Court considers "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–880 (3d Cir.1995) (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice And Procedure § 3847 (2ed.1986)). In ruling on § 1404(a) motions, courts should not limit their consideration to the three enumerated factors of that section (convenience of parties, conve-

---

they are both arguably residents of New Jersey. However, § 1391(c) provides that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (1993); *see also American Cyanamid Co. v. Hammond Lead Products, Inc.*, 495 F.2d 1183, 1185 (3d Cir.1974). Therefore, because Federal and Chubb are both subject to personal jurisdiction in the Virgin Islands and they are both corporations, they are deemed residents of the Virgin Islands for purposes of venue.

6. Section 4905 provides: "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just." 5 V.I.C. § 4905 (1997).

7. Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought." 28 U.S.C. § 1404(a) (1993).

nience of witnesses, or interest of justice), but "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879. (quoting 15 WRIGHT, MILLER & COOPER § 3847). Among the factors to be considered are:

> 1) plaintiff's choice of forum; 2) defendant's preference; 3) where the claim arose; 4) convenience to the parties; 5) convenience to witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; 6) location of books and records; 7) practical considerations that could make the trial easier, more expeditious, or less expensive; 8) congestion of possible fora; and 9) the familiarity of the trial judge with the applicable state law in diversity cases.

*Babn Techs. Corp. v. Bruno*, 25 F.Supp.2d 593, 598 (E.D.Pa.1998) (citing *Jumara*, 55 F.3d at 879–80).

▆▆▆▆ In the instant case, Plaintiff has chosen the Virgin Islands as it is now his residence. However, Defendants argue and the Court agrees that the balance of the above factors weighs in favor of transferring this case to the Eastern District of Virginia. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d. Cir.1970) (In deciding transfers under § 1404(a), Plaintiff's choice of forum will not be disturbed unless the balance of the above factors strongly weighs in favor of transfer.[8]). Defendant cites the following facts in support of its argument that transfer is appropriate in the instant case: (1) none of the events giving rise to this action occurred in the Virgin Islands; (2) most of the witnesses reside in Virginia or New Jersey—none reside in the Virgin Islands; (3) the insurance policy was negotiated in Virginia; (4) the parties contemplated the policy would be performed in Virginia; (5) the loss did not occur in the Virgin Islands; (6) most of the documentary evidence is in Virginia or New Jersey; (7) it will be extremely expensive and inconvenient for *both* sides to secure the attendance of witnesses in the Virgin Islands;[9] (8) the law of Virginia will apply to this action;[10]

---

8. Some courts hold that under a § 1404 motion to transfer, the Plaintiff's choice of forum is not entitled to as much weight as it is when deciding whether to dismiss under the doctrine of forum non conveniens. *Brockman v. Sun Valley Resorts, Inc.*, 923 F.Supp. 1176, 1179 (D.Minn.1996); *Marchon, Inc. v. American Plastic*, No. 89–C–7590, 1990 WL 77677 (N.D.Ill. May 21, 1990); *see also General Felt Products Co. v. Allen Indus.* 120 F.Supp. 491, 493 (D.Del.1954) (construing *All States Freight, Inc. v. Modarelli*, 196 F.2d 1010 (3d Cir.1952)); *see also Paragon–Revolute Corp. v. C.F. Pease Co.*, 120 F.Supp. 488 (D.Del.1954).

9. Plaintiff argues that it will be very expensive for him to pursue his claim in Virginia. However, Defendants correctly point out that it will also be expensive for Plaintiff to pursue his claim in the Virgin Islands. Specifically, Plaintiff has failed to consider the expense of conducting depositions of Defendants' witnesses in Virginia, New Jersey and Puerto Rico, as well as flying his own witnesses from Virginia, New Jersey and Puerto Rico to testify at trial in the Virgin Islands.

10. It is well established that in a diversity case a federal court is required to apply the conflict of law principles of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Accordingly, Virgin Islands choice-of-law principles govern the determination of which jurisdiction's law applies in resolving the substantive claims of the instant case. Pursuant to 1 V.I.C. § 4, the Court looks to the Restatement to resolve the choice of law question. The Restatement provides that in determining the applicable law in contract matters, the Court must look at the following factors:

> a) the place of contracting;
> b) the place of negotiation of the contract;
> c) the place of performance;
> d) the location of the subject matter of the contract; and
> e) the domicile, residence, nationality, place of incorporation and place of business of the parties.
> Restatement (Second) of Conflict of Laws § 188 (1971).

As previously stated, the place of contracting and negotiation of the instant insurance policy was Virginia. The location of the subject matter of the contract was Virginia. Defendants do business in Virginia and the poli-

and (9) the Virgin Islands' citizens and courts have little interest in a case involving parties and events whose only nexus to the Virgin Islands is Plaintiff's recent relocation there. *See Jumara,* 55 F.3d at 879–80 (One of the public interest factors considered is "the local interest in deciding local controversies at home.").

In sum, the only relevant factor in favor of the Virgin Islands as the forum for Plaintiff's claim, is the fact that Plaintiff now resides in the Virgin Islands. This one fact is not enough to overcome the factors cited by Defendant in support of its argument for transfer. The Court, therefore, finds that the balance of convenience of the parties is strongly in favor of Defendants. *See Shutte,* 431 F.2d at 25. Accordingly, the Court will transfer Plaintiff's claim to the more appropriate forum, to wit, the Eastern District of Virginia.

### III. Conclusion

Because the Court finds that it lacks personal jurisdiction over Defendant H & P, H & P's Motion to Dismiss is granted. As to Defendants Federal and Chubb, even though the Court finds that venue is proper as to these two Defendants, the Court will, pursuant to 28 U.S.C. § 1404(a), transfer this case to the United States District Court of Eastern Virginia.

---

cy issued by Defendant Federal was a Virginia Deluxe Renter's policy. The only connection with the Virgin Islands is the fact that at the time the suit was instituted, Plaintiff resided in the Virgin Islands. A choice of law analysis requires a weighing of the § 188 factors.

*See Sevison v. Cruise Ship Tours,* Inc., 37 V.I. 231, 1997 WL 530267 (D.V.I.1997). Accordingly, the Court finds that the balance of the above factors clearly tips toward the choice of Virginia law.