**PARADISE MOTORS, INC., Plaintiff,**

v.

**TOYOTA DE PUERTO RICO, CORP., Toyota Motor Corporation, and Toyota Motor Sales, U.S.A.,Inc., Defendants.**

Nos. CIV.2002–158, CIV.2002–161.

District Court, Virgin Islands, D. St. Thomas and St. John.

April 15, 2004.

496

Ronald W. Belfon, Belfon & Evert, St. Thomas, VI, for Plaintiff.

Bennett Chan, Esq., Law Offices of Dudley, Clark & Chan, St. Thomas, VI, for Defendants.

## MEMORANDUM

MOORE, District Judge.

## I. INTRODUCTION

Before the Court is Toyota Motor Corporation's ["Toyota Motor" or "defendant"] motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). Defendant argues that it does not transact any business under the local long-arm statute and that it does not have the sufficient minimum contacts with this jurisdiction to satisfy the due process clause of the Con-

stitution. Since I find that the plaintiff has made a prima facie showing that Toyota Motor transacts business and does have sufficient contacts with this jurisdiction, I will deny the defendant's motion to dismiss.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 21, 1976, automobile distributor Gomez Hermanos, Inc., sent a letter agreeing to sell new Toyota vehicles to Paradise Motors, Inc., a Virgin Islands Corporation, if it got bank approval for a credit line of one hundred (100) units a year. Paradise contends that this was a unilateral contract offer that they in turn accepted by performance. Starting in 1976, Paradise sold Toyota motor vehicles in the Virgin Islands that were supplied by Gomez Hermanos, Inc. In 1995, defendant Toyota de Puerto Rico Corp. ["Toyota PR"] purchased Gomez Hermanos, Inc.'s Toyota distributorship. Toyota PR then sent a letter terminating their "business relationship" with Paradise on September 2, 1998. The letter states that Toyota PR was discontinuing Toyota distribution in the Virgin Islands. Paradise contends that this was merely a pretext to force a re-negotiation of the terms of the agreement pointing out that Toyota PR still distributes in the Virgin Islands through one of the plaintiff's competitors.

On October 17, 2000, Paradise sued Toyota PR in the Territorial Court for wrongful termination of franchise and breach of contract. On May 15, 2002, after discovery had commenced, the Territorial Court granted Paradise's motion to amend its complaint to include the parent companies Toyota Motor Corp. ["Toyota Motor"] and Toyota Motor Sales ["Toyota Sales"] as defendants.[1] Toyota Motor was Toyota

1. Toyota Motor Corp. is incorporated in Japan and Toyota Motor Sales is incorporated in California.

PR's parent at the time of the alleged wrongful termination and breach. On July 1, 1999, Toyota Motor sold all of the common stock in Toyota PR to its export arm, Toyota Sales. The amended complaint also charges Toyota Motor and Toyota Sales with wrongful termination of franchise and breach of contract. The amended complaint asserts that both parent companies were "doing business" in the Virgin Islands for the purposes of personal jurisdiction through their subsidiary Toyota PR. It also alleges that both Toyota Motor and Toyota Sales had direct franchise relationships with Paradise. Paradise thus claims that the two parents should be held liable either (1) for actually directing the illegal conduct,[2] or (2) under a theory of respondeat superior.

Both Toyota Motor and Toyota Sales timely filed notices of removal to this Court. Plaintiff moved to remand the case as prohibited by 28 U.S.C. § 1446(b), but this Court denied that motion. *Paradise Motors, Inc. v. Toyota de Puerto Rico Corp.*, 249 F.Supp.2d 698 (D.Vi.2003). Toyota Motor, the parent corporation when the agreement was terminated, now moves to dismiss the claims against it for a lack of personal jurisdiction.

## III. DISCUSSION

### A. Personal Jurisdiction over the Defendant is Proper

 This Court may only exercise personal jurisdiction over Toyota Motor pursuant to the forum's long-arm statute and in compliance with the Due Process Clause of the Fourteenth Amendment's "minimum contacts" requirement.[3] *See In*

*re Tutu Wells Contamination Litig.*, 846 F.Supp. 1243, 1264 (D.Vi.1993) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). As Toyota Motor has moved under Rule 12(b)(2) to dismiss for lack of personal jurisdiction, plaintiffs must make a prima facie showing of sufficient contacts between the defendants and the forum territory to support in personam jurisdiction. *See Mellon Bank (East) PSFS Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). The court must accept all of the plaintiff's allegations as true while construing disputed facts in their favor. *See Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 143 n. 1 (3d Cir.1992). Plaintiff's burden is to establish by a preponderance of the evidence that personal jurisdiction is proper. *In re Tutu Wells*, 846 F.Supp. at 1264; *Carteret Savings Bank*, 954 F.2d at 146; see also *Provident National Bank v. California Federal Savings & Loan Assn.*, 819 F.2d 434, 437 (3d Cir.1987) ("Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction.").

1. *Personal Jurisdiction is appropriate under local long-arm statute*

 The Virgin Islands long-arm statute, 5 V.I.C. § 4903, provides in pertinent part that

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief

---

2. Toyota Motor's affiant refutes this allegation saying "[t]he decision to terminate dealers of a distributor is within the discretion of the distributors, and the decision to terminate [Toyota PR's] relationship with Paradise Motors was made by [Toyota PR]." (Sugawara Decl. at 2.)

3. The Due Process Clause has been made applicable to the Virgin Islands by the Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 86–88 (1995) (preceding V.I. CODE ANN. tit. 1).

arising from the person's ... (1) transacting any business in this territory ... (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

Toyota Motor argues that it does not transact business in the territory. Paradise refutes this and outlines Toyota Motor's activities within the territory which include: (1) shipping vehicles purchased by Toyota PR directly to Paradise to avoid paying import taxes in both Puerto Rico and the Virgin Islands, (2) shipping product literature written in English because Toyota PR only offered such literature in Spanish, (3) sending sales representatives to the Virgin Islands to visit Paradise's business to ensure that vehicles were not being shipped to United States for resale in violation of territorial sales agreements, and (4) receiving a profit share of the $2,0000,0000 average annual sales of Toyota vehicles in the Virgin Islands. (Dennis Aff. ¶¶ 4–10.) Construing disputed facts in Paradise's favor, I find that Toyota Motor's activities qualify under section 4903(a)(1) as "transacting business." *Hendrickson v. Reg O Company*, 17 V.I. 457, 463 (D.V.I.1980) (interpreting section 4903(a)(1) as requiring "less than doing business but more than performing some inconsequential act within a jurisdiction."); *Guardian Ins. Co. v. Bain Hogg Int'l Ltd.*, Civ. No.1996–180, 2000 WL 1690315, *2–3, 2000 U.S. Dist. LEXIS 17184 at *8 (D.Virgin Islands 2000) (holding that "transacting any business" can be satisfied by "only a single act which in fact amounts to the transaction of business within a state or territory").[4]

Accordingly, Paradise's claims for wrongful termination of franchise and breach of contract also may be asserted against Toyota Motor under section 4903(b), because Paradise's claims against it arise from Toyota Motor's transacting business in the territory.

2. *The Defendants' "Minimum Contacts" in the Virgin Islands Meet the Constitution's Due Process Requirements*

Because I find personal jurisdiction is appropriate under the Virgin Islands long-arm statute, I now turn to the constitutional due process requirements. The Due Process Clause of the Fourteenth Amendment requires that a court determine whether a defendant had the "minimum contacts" with the forum necessary for the defendant to have "reasonably anticipated being haled into court there." *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490. A finding of minimum contacts demands the demonstration of " 'some act by which the defendant purposely availed itself of the privilege of conducting business within the forum State, thus invoking the protection and benefits of its laws.' " *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 203 (3d Cir.1998). A plaintiff can meet this burden in one of two ways: by establishing either specific or general jurisdiction over a defendant. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir.1990). I find that Paradise has established general jurisdiction over Toyota Motor.

a. Plaintiff has established general jurisdiction over the defendants

A court's general jurisdiction "is based on the defendant's general business con-

---

4. Toyota Motor relies on this Court's decision that a Virginia corporation did not transact business under section 4903(a)(1). *Kressen v. Federal Insurance Co.*, 122 F.Supp.2d 582, 585 (D.Vi.2000). *Kressen* is inapposite be-

cause, unlike the Virginia corporation, Toyota Motor has "sought to participate in [some] business activity in the United States Virgin Islands and does [ ] receive substantial revenue" from this activity.

tacts with the forum [territory] and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 568 (2d Cir.1996). Under this test, the plaintiff must establish that the defendant's contacts with the forum jurisdiction are "continuous and systematic." Toyota Motor maintains that its contacts are insufficient to support general jurisdiction citing this Court's decision in *Kressen v. Federal Insurance Co.,* 122 F.Supp.2d 582, 585–587, and another district court's unreported decision in *Electro Medical Equipment Ltd. v. Hamilton Medical AG,* 1999 WL 1073636 *3–4 (E.D.Pa.1999). I find neither case persuasive on the issue of general jurisdiction.

In *Kressen,* this Court found that asserting jurisdiction over a Virginia corporation did not satisfy the minimum contacts requirements of due process because it did not conduct business in the Virgin Islands or maintain a registered agent for service of process therein. 122 F.Supp.2d at 587. Although Toyota Motor also does not maintain such an agent in the territory, I find that it does conduct business here.

In *Electro Medical,* a district court in this Circuit found general jurisdiction inappropriate when a foreign defendant manufacturer's only contact with the forum state was its wholly-owned subsidiary's distribution and marketing of the product nationally and within that state. 1999 WL 1073636 at *3. Although *Electro Medical* is an unreported decision and at best can only serve as persuasive authority, I find it inapplicable here. As recited below and unlike *Electro Medical's* foreign defendant, Toyota Motor does have other contacts with this forum besides its prior ownership of the subsidiary Toyota PR.

Although Toyota Motor does not have a business license, it does have contacts with this jurisdiction that are continuous and systematic. It is undisputed that Toyota Motor has shipped Toyota vehicles directly to Paradise in the Virgin Islands. Through their distributor Toyota PR, Toyota Motor has shipped vehicles from at least 1976 until the present day. Paradise's president testifies that their sales of Toyota vehicles average $2,000,000 dollars per year. (Dennis Aff. ¶ 11.) Furthermore, Toyota Motor does not deny that it continues to manufacture Toyotas sold in the Virgin Islands. Additionally, Toyota Motor has sent representatives and materials to Paradise to facilitate the continued sale of its products. For these reasons, I find that Toyota Motor is subject to general jurisdiction.[5]

b. Asserting jurisdiction over this defendant does comport with traditional notions of fair play and substantial justice

Having concluded that Toyota Motor has minimum contacts in the forum, I turn to the issue of whether compelling this out-of-territory defendant to submit to jurisdiction in the Virgin Islands comports with traditional notions of fair play and substantial justice. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 481 (3d Cir.1993) (citing *International Shoe,* 326 U.S. 310 at 316, 66 S.Ct. 154, 90 L.Ed. 95). The factors considered are:

the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of con-

---

**5.** Because I find that Paradise has established that this Court has general jurisdiction over Toyota Motor, I need not decide the question of whether specific jurisdiction exists.

troversies, and the shared interest of the several States in furthering fundamental substantive social policies.

*Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 205 (3d Cir.1998). Applying these factors here, I find it reasonable to assert jurisdiction over Toyota Motor. The burden on the defendant to defend this lawsuit in the Virgin Islands is not severe, because it has admittedly sent personnel to St. Thomas in the past to do its business.

The Virgin Islands obviously has a valid interest in protecting its resident corporations acting under agreements with non-resident companies. The plaintiff's interest in obtaining relief will be served by asserting jurisdiction, for it would not be convenient or effective for Paradise to sue this defendant separately in Japan. After balancing the factors, it is clear that traditional notions of fair play and substantial justice support this Court's assertion of personal jurisdiction over Toyota Motor.

## IV. CONCLUSION

I will deny the motion to dismiss for lack of jurisdiction because plaintiffs have met their burden of establishing that defendants come under the local long-arm statute and that asserting jurisdiction would not violate the due process clause.