**THE MANDARIN GROUP LLC, Plaintiff**

**v.**

**MANDARIN ORIENTAL SERVICES B.V.; and MANDARIN ORIENTAL
MANAGEMENT (USA) Inc., Defendants**

Civil No. 2007-150

District Court of the Virgin Islands
Division of St. Thomas and St. John

March 20, 2008

GREGORY H. HODGES, ESQ., St. Thomas, U.S.V.I., *For the plaintiff.*

CAROL ANN RICH, ESQ., St. Thomas, U.S.V.I., *For defendant Mandarin
Oriental Management (USA) Inc.*

MANDARIN ORIENTAL SERVICES B.V., *Pro se defendant.*

GÓMEZ, *Chief Judge*

## MEMORANDUM OPINION AND ORDER

(March 20, 2008)

Before the Court is the motion of defendant Mandarin Oriental Management (USA) Inc. ("MOMI") to dismiss the complaint in this matter.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff in this matter, The Mandarin Group LLC (the "Plaintiff"), initiated this action in December, 2007, against the defendants, Mandarin Oriental Services B.V. ("MOSBV") and MOMI (collectively referred to as the "Defendants").[1] The Plaintiff is a U.S. Virgin Islands limited liability company with its principal place of business in the U.S. Virgin Islands. MOSBV is a Dutch private limited company with its principal place of business in the Netherlands. MOMI is a Delaware corporation with its principal place of business in California. The Plaintiff alleges that this action arises under the Federal Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*

The Plaintiff builds luxury condominiums and owns a development of luxury apartments and penthouses in St. Thomas, U.S. Virgin Islands called "The Mandarin." The Plaintiff also operates a website with the domain name www.themandarincondo.com, and uses the trade name "The Mandarin Group LLC." According to the complaint, the Defendants own and operate hotels in various locations worldwide under the name "Mandarin Oriental."

The Plaintiff alleges that on August 30, 2007, the Defendants' outside counsel sent the Plaintiff a letter on behalf of MOSBV, demanding that the Plaintiff cease all use of the word "mandarin" as a mark, trade name, or domain name, and immediately transfer the www.themandarincondo.com domain name to the Defendants. The Plaintiff further alleges that on November 6, 2007, MOMI's in-house counsel sent a letter to the

---

[1] The Plaintiff subsequently filed an amended complaint. Any reference herein to the Plaintiff's complaint is intended to refer to the amended complaint.

Plaintiffs, stating that litigation would ensue if the Plaintiff did not comply with the demands in the August 30, 2007, letter. According to the complaint, the Plaintiff's outside counsel responded by letter that the Defendants were unlikely to prevail on a trademark infringement claim. The Plaintiff alleges that the Defendants, in a subsequent letter from their outside counsel, indicated that they would commence litigation against the Plaintiff.

Consequently, the Plaintiff initiated this one-count action, seeking a declaration of non-infringement from this Court. MOMI now moves to dismiss this action on several grounds. The Plaintiff has not filed an opposition.[2]

## II. ANALYSIS

MOMI asserts that it is not subject to personal jurisdiction in this Court. In support of that assertion, MOMI contends that it does not own or operate property in the Virgin Islands. MOMI further contends that, other than sending mailings to three Virgin Islands customers and advertising nationally and internationally, it has no "direct contact" with the Virgin Islands.

■ "In deciding a motion to dismiss for lack of personal jurisdiction, [the Court] take[s] the allegations of the complaint as true. But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) (internal citations omitted). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). The plaintiff must establish personal jurisdiction by a preponderance of the evidence. *In re Kelvin Manbodh Asbestos Litigation Series*, 47 V.I. 267, 277-278 (Terr. Ct. 2005) (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

"Personal jurisdiction in a federal question case must satisfy due process requirements and may extend only to persons who can be reached

---

[2] To date, MOSBV has not made an appearance in this action. The record indicates that a summons was issued to MOSBV, but does not reflect proof of service.

by the forum state's long-arm statute." *See Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

Under Virgin Islands law, to establish personal jurisdiction, the Plaintiff must demonstrate that this Court has jurisdiction over MOMI both under the Virgin Islands long-arm statute and under the requirements of the Constitution. *Yusuf v. Adams*, Civ. No. 2003-76, 2004 U.S. Dist. LEXIS 27178, at *4-5 (D.V.I. Nov. 9, 2004); *see also Fin. Trust Co. v. Citibank, N.A.*, 268 F. Supp. 2d 561, 566 (D.V.I. 2003) (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

The Virgin Islands Long-Arm Statute provides that

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person[]

(1) transacting any business in this territory;

(2) contracting to supply services or things in this territory;

(3) causing tortious injury by an act or omission in this territory;

(4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;

(5) having an interest in, using, or possessing real property in this territory; or

(6) contracting to insure any person, property, or risk located within this territory at the time of contracting.

(7) causing a woman to conceive a child, or conceiving or giving birth to a child; or

(8) abandoning a minor in this Territory.

V.I. CODE ANN. tit. 5, § 4903.

Here, the Plaintiff does not explain how the long-arm statute reaches MOMI. The only mention of the Virgin Islands in the complaint relates to the Plaintiff's property here, not that of MOMI. Construing the pleadings as liberally as possible, the only connection in the complaint between the Virgin Islands and MOMI is MOMI's alleged mailing of letters—the letters that have given rise to this suit—to the Plaintiff in the Virgin

Islands. Based on this allegation, it is unclear what portion of the long-arm statute would apply to MOMI. The Plaintiff offers no evidence that MOMI transacted business in the Virgin Islands; contracted to supply services or things here; caused a tortious injury here; regularly does or solicits business here; or has an interest in real property here. There is simply insufficient evidence before the Court to find jurisdiction over MOMI under the Virgin Islands long-arm statute.

█ The Plaintiff has failed to meet its burden of proof that this Court has personal jurisdiction over MOMI under the Virgin Islands long-arm statute.[3] Therefore, the Court need not address whether jurisdiction over MOMI conforms with the due process requirements of the Constitution.[4] *See, e.g., Four Winds Plaza Corp. v. Caribbean Fire & Assocs.*, 48 V.I. 899, 911 (D.V.I. 2007); *cf. Paradise Motors, Inc. v. Toyota de P.R., Corp.*, 314 F. Supp. 2d 495, 498 (D.V.I. 2004).

For the reasons stated above, it is hereby

**ORDERED** that the motion is **GRANTED**; and it is further

**ORDERED** that MOMI is **DISMISSED** from this matter for lack of personal jurisdiction.

---

[3] Because the Court lacks personal jurisdiction over MOMI, the Court need not reach the other grounds for dismissal asserted in MOMI's motion.

[4] Ordinarily, once a plaintiff has established jurisdiction over the defendant under the Virgin Islands long-arm statute, she must also establish that jurisdiction conforms with the due process requirements of the Constitution. Due process requires that a non-resident defendant have minimum contacts with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Additionally, "subjecting the defendant to the court's jurisdiction [must] comport[] with 'traditional notions of fair play and substantial justice.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (quoting *Int'l Shoe*, 326 U.S. at 316). In determining the sufficiency of the defendant's minimum contacts with the forum, "jurisdiction is proper if the defendant has taken 'action . . . purposefully directed toward the forum State.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 370 (3d Cir. 2002) (citation omitted).