CHRISTINE D. HOGIN and WILLIAM C. HOGIN, Plaintiffs

v.

ISLAND IDEAS, INC., d/b/a TROPIC DELIVERIES, INC.,
Defendant and Third-Party Plaintiff

v.

TRANSCONEX, INC., Third-Party Defendant

Civil No. 1082-1969

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

April 13, 1973

WILLIAM W. BAILEY, ESQ., St. Thomas, V.I., *for plaintiffs*

JOHN E. STOUT, ESQ., St. Thomas, V.I., and JAMES L. HYMES III, ESQ., St. Thomas, V.I., *for the defendant and third-party plaintiff*

HAROLD MONOSON, ESQ., St. Thomas, V.I., *for third-party defendant*

HOFFMAN, *Judge*

### ORDER

On November 10, 1971, the Court entered an Order in the above-captioned case holding the third-party defendant, Transconex, Inc., in default. On December 20, 1971, the Court granted judgment to plaintiff against the defendant-third-party plaintiff in the amount of $3,543.60 plus $7.00 costs and $600.00 attorneys fees. At that time defendant-third-party plaintiff was also awarded judgment in the same amount against the third-party defendant.

By motion dated November 21, 1972 the third-party defendant has moved under Rules 55(c) and 60(b), F. R. Civ. P., to stay a writ of execution against the third-party defendant and to set aside the default. Transconex alleges that it has never been served with process and that it never received actual notice of the proceeding until the writ of execution issued on November 15, 1972. The motion came on for hearing at Part I of this Court on November 28, 1972, but was postponed without date. On March 14, 1973 the third-party plaintiff filed a motion to dismiss the third-party defendant's motion for failure of the third-party defendant to prosecute. At a hearing on April 4, 1973, the Court heard the testimony of one Frank Downey called by the third-party defendant and considered the motions of the parties.

▋ The file in this cause reveals that service of the third-party complaint with summons was made on March 11, 1971, by personal service on Frank Downey as agent for Transconex. Counsel for Transconex does not dispute the physical fact of such service; his sole argument on the motion was addressed to the contention that Downey was not an agent upon whom service binding on Transconex

could be effectuated. The position of the third-party defendant is that it never was served, despite the admitted service on Downey. The Court disagrees and holds that Downey was a proper agent for service on Transconex under Rule 4 (d) (3), F. R. Civ. P.

At the hearing on the motion Downey testified as to his relationship with Transconex. He stated that Transconex would ship trailers to the Virgin Islands consigned to him, and that he would arrange to notify the consignees of the contents that their goods had arrived. He would then attempt to secure the local business of transportation of the goods for the consignees. Downey stated that he would forward certain materials to Transconex and attempt to answer local inquiries regarding Transconex when directed at him. Third-party Plaintiff's Exhibits Nos. 1 & 2, advertisements for a local circular, confirms the Court's conclusion. For rates and information about Transconex, individuals are requested to call Tropic Deliveries or Frank Downey at 774-0068.

No rigid rule can be set out as to who is a "managing or general agent" under Rule 4 (d) (3), F. R. Civ. P. 2 Moore's Federal Practice, paragraph 4.22 [2]. The term apparently refers to a person of authority and responsibility in the organization's operations in the place where service is made. Id. As stated in American Football League v. National Football League (D.Md. 1961) 27 F.R.D. 264, at 269: "The purpose of the rule is to bring home to the defendant notice of the filing of the action; service should be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." In the instant matter the witness Downey stated that it was his practice if anyone approached him

with materials for Transconex, to send them on to Transconex. Specifically the witness testified that he sat in throughout the trial of this case. In addition he testified that when the summons was served upon him, he so advised Transconex by phone. See also: Lone Star Package Co. v. Baltimore & O. R. Co. (5th Cir., 1954) 212 F.2d 147, upholding service of a third-party complaint and summons upon freight representatives of a nonresident railroad.

Upon the above authority the Court concludes that service upon Transconex was properly effectuated on March 11, 1971, through personal service on Frank Downey. It is therefore

ORDERED:

That the motion of third-party defendant, Transconex, Inc., to stay execution and to set aside the default judgment be and the same is hereby denied.