**SUNTECH GROUP, INC. d/b/a ST. CROIX and ST. THOMAS GAS COMPANIES, Plaintiff**

**v.**

**VIRGIN GORDA CABO ROJO GAS, Defendant**

Civil No. ST-08-CV-461

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

May 16, 2011

143

FRANCIS E. JACKSON JR., ESQ., Law Offices of Francis E. Jackson Jr., St. Thomas, USVI, *Counsel for Plaintiff.*

CARROLL, *Judge*

## MEMORANDUM OPINION

(May 16, 2011)

On March 1, 2011, Plaintiff Suntech Group, Inc. d/b/a St. Croix and St. Thomas Gas Companies[1] filed a Motion for Default Judgment against Defendant Virgin Gorda Cabo Rojo Gas.[2] Because there is insufficient evidence to determine that the Court has personal jurisdiction over Cabo Rojo Gas, it will not enter the Default Judgment at this time and will require Suntech to supplement the record.

## I. THE COURT ADOPTS THE RULE THAT IT MAY *SUA SPONTE* RAISE THE QUESTION OF ITS PERSONAL JURISDICTION OVER A DEFENDANT BEFORE ENTERING A JUDGMENT BY DEFAULT.

As an initial matter, the Court must decide an issue of first impression in this jurisdiction: whether the Court may *sua sponte* raise the issue of personal jurisdiction before entering a judgment by default against a defendant.

██ Lack of personal jurisdiction is generally considered a personal and waiveable defense. In particular, Rule 12(h) of the Federal Rules of Civil Procedure[3] states that a party waives a Rule 12(b)(2) defense for

---

[1] Suntech is represented by Francis E. Jackson Jr., Esq., of the Law Offices of Francis E. Jackson Jr. Defendant has not appeared in this action.

[2] On February 22, 2011, Suntech dismissed David O'Neal as a Defendant in this matter.

[3] The Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the District Court of the Virgin Islands apply to matters before this Court whenever they are not inconsistent with the Rules of the Superior Court. SUPER. CT. R. 7.

lack of personal jurisdiction if it omits it from a Rule 12 motion or fails to include it in a responsive pleading.

However, most courts of appeals to address the issue have decided that courts may — and some have stated that courts *must* — raise the question of personal jurisdiction before entering a judgment by default. The Second Circuit Court of Appeals in *Sinoying Logistics Pte. Ltd. v. Yi Da Xin Trading Corp.*,[4] came to this conclusion after drawing a distinction between defaulting and non-defaulting defendants. The *Sinoying* court stated that,

> [b]ecause personal jurisdiction can be waived by a party, a district court should *not* raise personal jurisdiction *sua sponte* when a defendant has appeared and consented, voluntarily or not, to the jurisdiction of the court . . . But when a defendant declines to appear, a plaintiff generally proceeds by motion for default judgment . . . and we agree with our sister circuits that before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.[5]

The Ninth Circuit Court of Appeals agreed in *In re Tuli*.[6] In *In re Tuli*, the Ninth Circuit found that the Bankruptcy Court had properly raised the issue of personal jurisdiction *sua sponte*. It said that "when a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction . . . [because a] judgment entered without personal jurisdiction over the parties is void."[7] Where the court lacks personal jurisdiction, it lacks the power to issue binding judgments, and if a court were to avoid the question of personal jurisdiction, it could expose the judgment to successful post-judgment attacks.[8] Similarly, the Eleventh Circuit Court of Appeals held that a court can raise the personal jurisdiction issue on its own, but may not dismiss the action "without first giving the parties an opportunity to present their views on the issue."[9]

---

[4] 619 F.3d 207 (2d Cir. 2010).

[5] *Id.* at 213 (internal citations omitted).

[6] 172 F.3d 707 (9th Cir. 1999).

[7] *Id.* at 712 (internal citations omitted).

[8] *Id.*

[9] *Lipofsky v. New York State Workers Comp. Bd*, 861 F.2d 1257, 1258 (11th Cir. 1988).

The Court of Appeals for the District of Columbia, like the Second, Ninth and Eleventh Circuits, decided that courts may (but are not compelled to) decide the issue of personal jurisdiction before entering a default judgment. In *Mwani v. bin Laden*,[10] the D.C. Circuit recognized that "the entry of a default judgment is not automatic, and that a court should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant."[11] It determined that the plaintiff should be required to make a *prima facie* showing that the court had personal jurisdiction, rejecting the district court's holding that proof must be by a preponderance of the evidence.

The Fifth Circuit Court of Appeals decided not only that courts *may* consider the question of personal jurisdiction before entering a default judgment, but that they have an affirmative duty to do so.[12] The Tenth Circuit Court of Appeals agrees. In *Williams v. Life Sav. & Loan*.[13] the Tenth Circuit noted that, once waived, personal jurisdiction cannot be raised by the court,[14] but because "[r]elief from a void judgment is mandatory . . . the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[15] It went on to observe that "[i]n reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment."[16]

Although the other Circuit Courts of Appeal, including the Third Circuit,[17] have addressed the general question of whether courts may *sua*

---

[10] 417 F.3d 1 (D.C. Cir. 2005).

[11] *Id* at 6.

[12] *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (holding that, because a judgment entered without personal jurisdiction is void, "it should . . . be apparent that a district court has a duty to assure that it has the power to enter a valid default judgment").

[13] 802 F.2d 1200 (10th Cir. 1986).

[14] *Id*. at 1202.

[15] *Id* at 1203.

[16] *Id*.

[17] *See, e.g., Azubuko v. E. Bank*, 160 Fed. Appx. 143, 146 (3d Cir. 2005) (determining that courts generally may not dismiss an action for lack of personal jurisdiction if that issue is not raised by the defendant, and that the "ability to waive the defense of personal jurisdiction should remain with the parties" but not addressing the question of whether the court should

*sponte* raise the issue of personal jurisdiction, they have not addressed the particular circumstances of a defaulting defendant.

The caselaw described above from the Second, Fifth, Nine, Tenth, Eleventh and District of Columbia Circuits is persuasive. The Court's judgment against a defendant would be meaningless if it lacked personal jurisdiction over that defendant. In addition to the danger inherent in issuing non-binding judgments,[18] such a practice would invite waste of precious judicial resources, as defendants would be entitled to attack the judgment. Such an attack could be raised at any "reasonable time,"[19] raising the possibility that judgments could be reopened many years after the matter was closed. This would squander not only scarce judicial resources, but also the resources of the parties, and lead to possibly unjust results if, for example, witness memories faded and evidence dissipated in the years between the judgment and the successful attack.

■ For these reasons, the Court holds that it may consider whether it has personal jurisdiction before entering a judgment against a defendant, and that the plaintiff should be required to make a *prima facie* showing of jurisdiction before the judgment will enter.

## II. THE COURT'S PERSONAL JURISDICTION OVER DEFENDANT CABO ROJO GAS IS NOT EVIDENT FROM THE RECORD.

■ The Court does not have before it sufficient evidence from which it can determine that its exercise of jurisdiction over Cabo Rojo Gas is proper. In the Complaint,[20] Suntech states that Cabo Rojo "is a duly British Virgin Islands registered corporation, in the business of propane gas sales." It alleges that Suntech sent its propane gas tank[21] to Puerto Rico in 2004, and that "through negligence or intentional criminal conduct, the said tank was released and/or shipped to" Cabo Rojo in Virgin Gorda, British Virgin Islands. After Suntech realized what had happened, it entered into discussions to get the gas tank back from Cabo Rojo. According to Suntech, Cabo Rojo has never returned it.

---

*sua sponte* raise the issue when a defendant has made no appearance and the court is on the brink of entering a default judgment).

[18] Were the court to routinely issue judgments that are void *ab initio*, it would tend to reduce the esteem and authority of the court.

[19] FED. R. CIV. P. 60(c)(1), made applicable to the court by SUPER. CT. R. 50.

[20] The Complaint was filed on September 29, 2008.

[21] At times the Complaint refers to the item as a "tank" and at other times as a "trailer."

On June 17, 2010, Suntech moved for an entry of default against Cabo Rojo. In support of the Motion, it submitted a process server's affidavit which states that the affiant "served the Defendant, David O'Neal personally and on behalf of Defendant, Virgin Gorda Cabo Rojo Gas, by showing and delivering to said Defendant a copy of the Summons and Complaint" on December 5, 2008. The Court granted the Motion on October 27, 2010.

 Aside from the references described above, there is no other evidence on the record that would assure the Court that it may exercise personal jurisdiction over Cabo Rojo. Section 4903 of Title 5[22] limits the Court's exercise of personal jurisdiction to certain scenarios enumerated therein.[23] While the Section is considered "co-extensive with [sic] outer limits permitted by the Due Process Clause of the Fourteenth Amendment of the United States Constitution,"[24] it requires, at the least, evidence that Cabo Rojo had "certain minimum contacts" with the Territory such that maintaining a suit here "does not offend 'traditional notions of fair play and substantial justice.' "[25]

The record is devoid of evidence that would support such a conclusion. Cabo Rojo according to Suntech, is a corporation registered in the British Virgin Islands which, according to Suntech's allegations, did nothing more than refuse to return a gas tank to Suntech after it was inadvertently sent to Virgin Gorda. It may well be that the Court can exercise personal jurisdiction over Cabo Rojo consistent with Section 4903 and the Due Process Clause. However, it is Suntech's responsibility to make that *prima facie* showing before the Court will enter a default judgment.

## CONCLUSION

Today the Court adopts the rule that a court presented with a motion for judgment by default may *sua sponte* raise the question of personal

---

[22] V.I. CODE ANN. tit. 5, § 4903 (1997).

[23] 5 V.I.C. § 4903(a)(1), for example, permits the exercise of jurisdiction over a person who transacts business within the territory.

[24] *In re Kevin Manbodh*, 47 V.I. 267, 277 (Super. Ct. 2005); *see also Godfrey v. Int'l Moving Consultants. Inc.*, 18 V.I. 60, 66 (D.V.I. 1980).

[25] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945); *see also Epstein v. Fancelli Paneling*, ST-10-CV-443, 2011 V.I. LEXIS 32, Memo. p. at 7 (V.I. Super. Ct. May 16, 2011).

jurisdiction. It may require the movant to provide *prima facie* evidence that the court's exercise of personal jurisdiction over the defendant is proper. In this case, the Plaintiff has not yet made a sufficient showing that the Court has jurisdiction over Cabo Rojo Gas. In a separate Order issued today, the Court will direct Suntech to make that showing within thirty days of entry of this Order.