**JEFFREY EPSTEIN and L.S.J., LLC., Plaintiffs**
**v.**
**FANCELLI PANELING, INC., Defendant**

Civil No. ST-10-CV-443
Superior Court of the Virgin Islands
Division of St. Thomas and St. John
May 16, 2011

152

153

DENISE FRANCOIS, ESQ., Hodge & Francois, St. Thomas, USVI, *Counsel for Plaintiffs*.

TRESTON MOORE, ESQ., Moore Dodson & Russell, P.C., St. Thomas, USVI, *Counsel for Defendant*.

CARROLL, *Judge*

## MEMORANDUM OPINION

(May 16, 2011)

Defendant Fancelli Paneling, Inc., ("Fancelli") moves to dismiss Plaintiffs' First Amended Complaint, arguing, among other things, that Plaintiffs' service of process was insufficient; that the Court lacks personal jurisdiction over Fancelli; that Plaintiffs do not state a claim for relief; that Plaintiffs have failed to join a necessary party; and that venue is improper.[1] The Court finds that Fancelli conducted business and contracted to supply services or things in this Territory. Therefore, Fancelli is subject to the Court's jurisdiction. In addition, the Court finds that Plaintiffs have pleaded a sufficient claim for breach of a third-party beneficiary contract. The Court disagrees that the Virgin Islands is an improper venue but agrees that Plaintiffs must join Molyneux as a necessary party. The Court will deny the Motion to Dismiss, but will direct Plaintiffs to join the necessary party.

---

[1] Fancelli filed its Motion to Dismiss on January 13, 2011, and Plaintiffs filed their Opposition on February 11, 2011. By Order entered today, the Court grants Fancelli's Motion to File its Reply Out of Time, but rejects its Amended Reply. Therefore, the Court has considered the Reply, but not the Amended Reply, in deciding this Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jeffrey Epstein, a resident of the Virgin Islands,[2] is the sole member of Plaintiff L.S.J., LLC. L.S.J.[3] owns Little St. James, which is an island off of the southeast coast of St. Thomas. In 2005, Epstein contracted with non-parties — J.P. Molyneux Studio, Ltd., and Juan Pablo Molyneux (collectively, "Molyneux") — to design a residential project on Little St. James. Molyneux has offices in New York, New York, and Paris, France. Molyneux, in turn, contracted with Fancelli[4] to have Fancelli construct some of the residence's library cabinetry.

Fancelli made the cabinets in Europe, shipping them in crates to Little St. James. Plaintiffs state that Fancelli installed the cabinetry between May 2009 and March 2010. According to Plaintiffs, Fancelli's agents were on Little St. James a number of times in order to complete the installation.[5] Fancelli's president, Jean Pierre Fancelli ("Mr. Fancelli"), was on St. Thomas and Little St. James in January and March 2010. Plaintiffs allege that Fancelli understood that its construction and installation of the cabinets, in performance of its contract with Molyneux, were to benefit Epstein and L.S.J., and would be used in a library in the Virgin Islands.[6]

On July 30, 2010, Plaintiffs filed the Complaint in this action, alleging that the cabinetry installation had not been properly completed, that the finished products were defective, and that Fancelli's performance was not in compliance with the agreement made between Molyneux and Fancelli. The Complaint was replaced by a First Amended Complaint on August 3, 2010. Plaintiffs served the Summons and First Amended Complaint on Christian Barthod, an employee of Fancelli Paneling, at the Fancelli

---

[2] Fancelli alleges in its Motion to Dismiss that Epstein is also a resident of New York, NY, and Palm Beach, Florida. However, the Court accepts as true the non-movant's factual allegations and construes factual disputes in favor of the non-moving party. *Bertrand v. Cordiner Enters., Inc.*, 53 V.I. 280, 297 (V.I. Super. Ct. 2010) (citing *Paradise Motors, Inc. v. Toyota de Puerto Rico Corp.*, 314 F. Supp. 2d 495, 499 (D.V.I. 2004)).

[3] L.S.J. is a Delaware corporation with its principal place of business in the Virgin Islands.

[4] Fancelli is a New York corporation, which also has an office in St. Ouen, France.

[5] Plaintiffs allege that "Fancelli workmen were on Little Saint James Island via St. Thomas on the following dates:" May 19, 2009, to June 12, 2009; January 19, 2010, to January 28, 2010; March 19, 2010, to March 22, 2010. (Pls.' Opp'n to Mot. to Dismiss 9 (citing Gary Kerney Aff.).)

[6] (Pls.' Opp'n 17 (citing Molyneux Aff.).)

Paneling offices in New York. It sent copies by first class mail to Mr. Fancelli, at Fancelli Paneling's offices, but the envelope was returned as "addressee not at this location."

Fancelli has moved to dismiss. In support of its Motion, Fancelli challenges the sufficiency of the service of process. It states that the Summons and Complaint were served on someone at the Fancelli offices in New York who was not authorized to receive service of process on behalf of the corporation. Instead, it argues, the corporation should have been served through its resident agent or through service upon the Secretary of State.

In addition, Fancelli argues that it is not a citizen or resident of the Virgin Islands, does not have offices, a phone line or mail services within the Virgin Islands, and does not do business in the jurisdiction. Therefore, it contends, the Court lacks personal jurisdiction over it.

It also contends that Plaintiffs have failed to state a claim for relief. Fancelli asserts that Plaintiffs lack privity of contract with it and thus cannot bring any claims against it for breach of contract. Fancelli also states that laches, waiver and release, and/or acknowledgement of accord and satisfaction bar Plaintiffs' claims. As another ground for its Motion, Fancelli argues that Plaintiffs' failure to join Molyneux should result in a dismissal.

In addition, Fancelli alleges that the better and proper venue for this action is New York because most of the people with information or knowledge of these events reside in France, New York, and Italy, and because most of the documents relevant to this cause are located in those regions.

For the reasons that follow, the Court will deny the Motion to Dismiss. It will nonetheless direct Plaintiffs to join Molyneux as a necessary party.

## DISCUSSION

### I. FANCELLI'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE MUST BE DENIED BECAUSE SERVICE WAS ADEQUATE.

Fancelli argues that Plaintiffs' service of process was insufficient and requests that the Court therefore dismiss the case. Once a defense of insufficient service is raised, it is Plaintiffs' burden to prove that service

was proper.[7] When considering a Rule 12(b)(5) Motion to Dismiss for insufficient service of process, the Plaintiffs enjoy the benefit of any factual doubts.[8]

■ Section 4911 of Title 5 permits service outside the Territory by, *inter alia*, "personal delivery in the manner prescribed for service within this territory."[9] Service in the Territory must conform with Rule 4 of the Federal Rules of Civil Procedure.[10] Rule 4(h) requires, in relevant part, that corporations be served by delivering the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[11] As the District Court of the Virgin Islands noted, there is not a single "set definition of 'managing or general agent.' "[12] Instead, the main question is whether service on the particular employee would result in "a high probability that the papers will reach those persons in the organization responsible for protecting the firm's interest in the litigation."[13] If it is "fair, reasonable and just" to assume that the individual's position is such that "he will know what to do with the papers," then service on the individual is proper.[14]

■ In this case, Plaintiffs have provided evidence that the employee served — Christian Barthod — was in such a position that he would know what to do with the Summons and Complaint, and was in sufficient contact with the President of Fancelli Paneling that he would ensure that Mr. Fancelli received notice of the service. Particularly, Plaintiffs provided copies of e-mails regarding the Little St. James project on which

---

[7] *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

[8] *McClellan v. Bd. of Cty. Comm'rs*, 261 F.R.D. 595, 603 (N.D. Okla. 2009).

[9] V.I. CODE ANN. tit. 5, § 4911 (1997).

[10] SUPER. CT. R. 27(b) ("The summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure.")

[11] The Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the District Court of the Virgin Islands apply to matters before this Court whenever they are not inconsistent with the Rules of the Superior Court. SUPER. CT. R. 7.

[12] *Carson v. Skandia Ins. Co.*, 19 V.I. 138, 144 (D.V.I. 1982).

[13] CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1074 at 295 (1969).

[14] *Hogin v. Islands Ideas, Inc.*, 9 V.I. 201, 204 (Terr. Ct. 1973).

both Barthod and Mr. Fancelli are copied.[15] In addition, there is a copy of a July 13, 2010 letter on which the sender's name is displayed as "Jean Pierre Fancelli, JPF/cb."[16] Presumably, that means that Barthod prepared the letter regarding the project for Mr. Fancelli. For its part, Fancelli has not provided any evidentiary support for its argument that Barthod was not a proper person to receive service of process. Construing the factual dispute in Plaintiffs' favor, the Court finds sufficient evidence that Barthod was a person in such a position as to know what to do with the Summons and Complaint and that, therefore, Plaintiffs' service of process was sufficient.

## II. FANCELLI'S MOTION TO DISMISS FOR LACK OF JURISDICTION MUST BE DENIED BECAUSE THE COURT'S EXERCISE OF PERSONAL JURISDICTION OVER FANCELLI IS CONSISTENT WITH THE VIRGIN ISLANDS LONG-ARM STATUTE AND CONSTITUTIONAL DUE PROCESS.

Fancelli's connections with the Virgin Islands are sufficient to satisfy two bases for jurisdiction under the Virgin Islands long-arm statute. In addition, the exercise of personal jurisdiction over Fancelli is consistent with the Constitution's guarantee of due process. Consequently, the Court will deny Fancelli's Motion to Dismiss for lack of personal jurisdiction.

### A. Standard for a Rule 12(b)(2) Motion to Dismiss.

█ █ It is Plaintiffs' burden to prove that the Court's exercise of jurisdiction over Fancelli is consistent with local law and the Constitution.[17] Once a jurisdictional defense has been raised, a plaintiff "must 'prove by affidavits or other competent evidence that jurisdiction is proper.' "[18] Where, as here, the Court has not held an evidentiary hearing, Plaintiffs are required only to establish a *prima facie* case for

---

[15] (Pls.' Ex. 3.)

[16] *Id.*

[17] *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330, 51 V.I. 1219 (3d Cir. 2009). Fancelli cites the District Court decision in *Metcalfe*, which was overturned by the Third Circuit. *Metcalfe v. Renaissance Marine, Inc.*, 49 V.I. 702 (D.V.I. 2008), *rev'd*, 566 F.3d 324, 51 V.I. 1219 (3d Cir. 2009).

[18] *Metcalfe*, 566 F.3d at 330.

jurisdiction.[19] In this case, Plaintiffs have produced documentary evidence on the question of personal jurisdiction, but Fancelli has not. As it considers Rule 12(b)(2) motions, the Court accepts as true the non-movant's factual allegations and construes factual disputes in favor of the non-moving party.[20]

## B. Personal Jurisdiction Jurisprudence in the Virgin Islands.

Fancelli moves for dismissal because, it argues, Plaintiffs have not made out a sufficient basis for personal jurisdiction under the long-arm statute. Plaintiffs argue that Fancelli's conduct would satisfy one or more of two subsections of the long-arm statute. The relevant provisions of the statute provide:

> a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
>
> 1. transacting any business in this territory;
> 2. contracting to supply services or things in this territory.[21]

■ Virgin Islands courts apply a two-part test to determine if jurisdiction over a defendant is proper.[22] First, the Court considers whether the defendant's conduct meets the requirements of the long-arm statute.[23] If so, the Court then addresses whether the exercise of jurisdiction would comport with the defendant's due process rights.[24] In the Virgin Islands, the long-arm statute is "co-extensive with [sic] outer limits permitted by the Due Process Clause of the Fourteenth Amendment of the United States Constitution."[25]

---

[19] *Id.*

[20] *Paradise Motors, Inc. v. Toyota de Puerto Rico Corp.*, 314 F. Supp. 2d 495, 499 (D.V.I. 2004).

[21] V.I. CODE ANN. tit. 5, § 4903 (1997).

[22] *Matos v. Nextran*, 51 V.I. 630, 635 (D.V.I. 2009).

[23] *Id.*

[24] *Id.*

[25] *In re Kevin Manbodh*, 47 V.I. 267, 277 (Super. Ct. 2005); *see also Godfrey v. Int'l Moving Consultants, Inc.*, 18 V.I. 60, 66 (D.V.I. 1980).

## C. Fancelli Transacted Business in the Territory.

· [7] According to section 4903(a)(1),[26] even one single act amounting to a "transaction of business" in the Territory may suffice as the basis for personal jurisdiction.[27] The conduct need not rise to the level of "doing business," but must be more than an inconsequential act.[28]

■■ Plaintiffs have met their burden under section 4903(a)(1). If a foreign company simply communicates with a Virgin Islands plaintiff over the phone, fax and e-mail in order to negotiate the sale of a high-priced item, such conduct is sufficient to establish jurisdiction.[29] Where a foreign corporation engages in reciprocal communications with a Virgin Islands purchaser, that is sufficient to establish a *prima facie* case for personal jurisdiction under section 4903(a)(1).[30] In this case, Plaintiffs allege that Fancelli shipped cabinetry valued at several hundreds of thousands of dollars to the Virgin Islands. Moreover, its agents and its President travelled to the Virgin Islands to oversee the installation of the cabinetry on Little St. James. According to Plaintiffs' allegations, the workmen were in the Virgin Islands conducting business for a total of more than a month in a one-year period. The Court finds that Plaintiffs have satisfied their burden of establishing a *prima facie* case for personal jurisdiction under 4903(a)(1). The Court will also consider their alternative argument for jurisdiction under section 4903(a)(2).

## D. Fancelli Contracted to Supply Goods in the Territory.

■ Plaintiffs also argue that personal jurisdiction is proper under section 4903(a)(2). All that is required to satisfy section 4903(a)(2) is that a "contract be performed, at least in part, in the Virgin Islands and that the

---

[26] 5 V.I.C. § 4903(a)(1).

[27] *Bertrand*, 53 V.I. at 298 (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 332, 51 V.I. 1219 (3d Cir. 2009)).

[28] *Manbodh*, 47 V.I. at 283; *see also Hendrickson v. Reg O Co.*, 17 V.I. 457, 462 (D.V.I. 1980).

[29] *Metcalfe*, 566 F.3d at 332 ("[T]he Metcalfes assert that Renaissance exchanged phone calls, faxes and emails with the Metcalfes . . . Because one single act can constitute 'transacting business,' surely repeated, reciprocal communications between a buyer in the Virgin Islands and a seller located elsewhere which culminate in an agreement for the same of an item at a cost of nearly $85,000 also satisfies the standard.").

[30] *Bertrand*, 53 V.I. at 298-99.

cause of action arise out of the contract."[31] If a defendant knows that the ultimate destination of its goods will be the Virgin Islands, that is sufficient to find that the contract is performed, at least in part, in the Virgin Islands.[32] In fact, the defendant need not actually ship the goods to the Virgin Islands. The language of the statute permits jurisdiction if the contract is "to supply" goods to the Virgin Islands and it does not require that the defendant contract "to deliver" or "to ship" those goods.[33]

 In this case, not only do Plaintiffs allege that Fancelli knew its cabinetry products would be supplied to the Virgin Islands, it also actually performed the shipment of the products in crates to St. Thomas. In addition, it actually performed part of the contract — installation of the cabinetry — in the Virgin Islands. Since Fancelli knew its cabinetry products were meant for the Virgin Islands, and because it actually shipped them to the Virgin Islands and had its workmen install them on Little St. James, the contract was performed, at least in part, in the Virgin Islands. Thus, Plaintiffs have met their burden under section 4903(a)(2).

### E. The Court's Exercise of Jurisdiction over Fancelli is Consistent with the Due Process Clause of the Fourteenth Amendment.

 Having determined that Plaintiffs produced sufficient evidence to justify the exercise of jurisdiction over Fancelli based on the long-arm statute, the Court will determine whether the exercise of that jurisdiction is consistent with the requirements of due process.[34] For the Court to exercise personal jurisdiction over a non-resident defendant consistent with the due process clause, the Court must find that the defendant has "certain minimum contacts" with the Territory such that maintaining the suit in that forum "does not offend 'traditional notions of fair play and

---

[31] *Buccaneer Hotel Corp. v. Reliance Int'l Sales Corp.*, 17 V.I. 249, 255 (Terr. Ct. 1981).

[32] *Bertrand*, 53 V.I. at 299; *Metcalfe*, 566 F.3d at 332; *Buccaneer*, 17 V.I. at 256.

[33] *Metcalfe*, 566 F.3d at 333; *Buccaneer*, 17 V.I. at 256.

[34] The Revised Organic Act of the U.S. Virgin Islands incorporates both the Fifth Amendment to the Constitution and the Due Process Clause of the Fourteenth Amendment. 48 U.S.C. § 1561 (2006); *see also In re Brown*, 439 F.2d 47, 50-51, 8 V.I. 313 (3d Cir. 1971).

substantial justice.' "[35] Courts may exercise jurisdiction over a company that "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state."[36] It would not be enough if there was only a "mere possibility or likelihood" that the product will end up in the Virgin Islands.[37] However, where a company "has actively worked" to maintain and serve its Virgin Islands customers, and where the presence of its goods in the Territory is more than "fortuitous," the exercise of jurisdiction is consistent with due process.[38]

In this case, Fancelli did not simply release its goods into the stream of commerce without any expectation of where they might end up. Rather, as described above, Plaintiffs have produced evidence that Fancelli knew that the cabinetry it produced would be delivered to, and installed on, the Virgin Islands' Little St. James island. The presence of Fancelli's handiwork in the Virgin Islands is more than fortuitous — it is the result of Fancelli's own activities to produce cabinets consistent with its contract with Molyneux and to see to it that those cabinets were properly installed in the Virgin Islands. This kind of activity purposefully directed towards the Virgin Islands justifies the Court's exercise of jurisdiction over Fancelli.[39] Because Plaintiffs have met their *prima facie* burden of producing evidence that the Court's exercise of personal jurisdiction satisfies both the long-arm statute and due process, the Court will deny Fancelli's Motion to Dismiss.

### III. PLAINTIFFS HAVE STATED A CLAIM FOR BREACH OF A THIRD-PARTY BENEFICIARY CONTRACT.

Fancelli requests that the Court dismiss this case because Plaintiffs have failed to specifically allege jurisdiction in the First Amended

---

[35] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945); *see also Suntech Group, Inc. v. Virgin Gorda Cabo Rojo Gas*, ST-08-CV-461, 2011 V.I. LEXIS 31, at *9 (V.I. Super. Ct. May 16, 2011).

[36] *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 298, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

[37] *Hendrickson v. Reg O Co.*, 657 F.2d 9, 15 (1981).

[38] *Id.*

[39] *See, e.g., Bertrand*, 53 V.I. at 302 (finding sufficient contacts to satisfy due process where a Florida company sold marble to a Virgin Islands' company and assisted in loading the marble onto a shipping container in Florida).

Complaint. In addition, they argue that Plaintiffs lack privity of contract with it and, in the same vein, that Fancelli did not owe Plaintiffs any duty. Fancelli highlights the fact that it contracted with Molyneux, not Plaintiffs, to create the cabinetry according to specifications set out in Molyneux's Purchase Order.[40]

## A. Plaintiffs' Failure to Specifically Allege That the Court Has Jurisdiction Does Not Deprive the Court of Jurisdiction Nor Does It Merit Dismissal of the First Amended Complaint.

 ██ As discussed above, the Court finds that it has personal jurisdiction over Fancelli. Fancelli has not provided any case law support, and the Court could find none, for Fancelli's proposition that the First Amended Complaint should be dismissed simply because it did not recite the relevant statutes for subject-matter jurisdiction and venue.[41]

## B. Plaintiffs' Lack of Privity with Fancelli is Not Fatal to Its Claim.

 ██ Plaintiffs properly allege that they are intended third-party beneficiaries of the contract between Molyneux and Fancelli. Assuming that the factual allegations in the First Amended Complaint are true,[42] Molyneux contracted with Epstein to perform architectural and design services for the Little St. James complex. In performance of that contract, Molyneux contracted with Fancelli to create the cabinetry. Therefore, assuming these allegations are true, Plaintiffs have properly pleaded the elements necessary to claim third-party beneficiary status: (1) recognizing Plaintiffs' right to performance is necessary to effectuate Molyneux and Fancelli's intention in forming the contract; and (2) the circumstances

---

[40] Fancelli also argues that the cabinetry it created met all of the specifications required by Molyneux, and, therefore, "Plaintiffs received all of the benefits due them, if any, through Molyneux's Purchase Order." (Def.'s Mot. to Dismiss 12.) It goes without saying that this is a material fact in contention between the parties, and at the stage of a Motion to Dismiss, the Court assumes that Plaintiffs' allegations of substandard or incomplete performance are true.

[41] *See* 61A AM. JUR. 2D *Pleading* § 164 (2011) ("Where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy the jurisdictional requirements of the statute . . . .").

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (requiring courts to assume as true well-pleaded factual [allegations in the complaint for the purpose of deciding a 12(b)(6) motion to dismiss).

indicate that Fancelli intended to give Plaintiffs the benefit of its promised performance.[43]

## C. The Court Will Not Dismiss the Matter Based on Fancelli's Defenses of Release and *Res Judicata* at this Stage of the Litigation.

As part of its Motion to Dismiss, Fancelli raises the defenses of release and/or accord and satisfaction. However, these are defenses that require further factual development and are not proper subjects for this Motion to Dismiss. In addition, Fancelli argues that "upon information and belief, Plaintiffs and Molyneux have and/or had litigation that resulted in settlement, but that litigation continues between them." Just as with the defense of release, the Court is not prepared to rule on the merit of the *res judicata* defense without further factual development.

## IV. MOLYNEUX IS A NECESSARY PARTY AND MUST BE JOINED.

As another basis for its Motion to Dismiss, Fancelli argues that Plaintiffs have failed to join Molyneux, which it refers to as an indispensible party.[44] It argues that Molyneux created the Purchase Order, approved Fancelli's work in Italy, directed shipment of Fancelli's products to the Virgin Islands, and approved the work product on site in March 2010.[45]

A person or corporation must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the act in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

---

[43] RESTATEMENT (SECOND) OF CONTRACTS § 302 (1981) (reciting the elements necessary to claim third-parry beneficiary status). V.I. CODE ANN. tit. 1, § 4 (1995) (providing that the Restatements of the Law shall serve as the rules of decision for the Virgin Islands courts in the absence of a local law to the contrary).

[44] A necessary party, however, only becomes indispensible when it cannot be joined. FED. R. CIV. P. 19(b). There is no reason provided by Fancelli that Molyneux cannot be joined.

[45] (Def.'s Mot. to Dismiss 13.)

(ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.[46]

 Without Molyneux Studio in the case, the Court would be hard-pressed to accord complete relief among Plaintiffs and Fancelli. As a party claiming third-party beneficiary status, Plaintiffs have to show that "effectuat[ing] the intention" of Molyneux and Fancelli requires recognition of Plaintiffs' right to performance and that the circumstances of the contract between Molyneux and Fancelli indicate that Fancelli intended to give Plaintiffs the "benefit of the promised performance."[47] Without Molyneux in the case, it will be difficult for the trier of fact to resolve the evidentiary issues that will arise. Furthermore, the Court lacks jurisdiction to compel the production of documents or depositions outside the Territory, requiring subpoenas to be localized in other jurisdictions, making it more difficult to obtain necessary discovery from Molyneux if it were not a party to the action. In addition, courts interpreting contracts generally require that all parties to the contract join the action.[48] The Court sees no reason to make an exception in this case. Therefore, the Court will deny the Motion to Dismiss but will require Plaintiffs to serve and join Molyneux in this matter.

## V. THE VIRGIN ISLANDS IS A PROPER FORUM FOR THIS ACTION.

 Fancelli moves the Court to dismiss the action because, it asserts, the Virgin Islands is an improper venue.[49] It is Fancelli's burden to prove that the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, is an improper venue.[50] Under Virgin Islands law, courts can

---

[46] FED. R. CIV. P. 19(a)(1).

[47] RESTATEMENT (SECOND) OF CONTRACTS § 302(1) (1981); V.I. CODE ANN. tit. 1, § 4 (1994) (in the absence of local law to the contrary, the Restatements provide the rules of decision in the Virgin Islands courts).

[48] *Ward v. Deavers*, 203 F.2d 72, 75, 92 U.S. App. D.C. 167 (D.C. Cir. 1953) ("[T]here is a general rule that where rights sued upon arise from a contract, all parties to it must be joined."); *see also Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1156-57 (9th Cir. 2002) (referring to the "fundamental principle" that parties who may be affected by a contract action must be joined to it).

[49] FED. R. CIV. P. 12(b)(3).

[50] *Kressen v. Fed. Ins. Co.*, 122 F. Supp. 2d 582, 587 (D.V.I. 2000); *accord Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725-26 (3d Cir. 1982).

stay or dismiss an action if they find that "in the interest of substantial justice the action should be heard in another forum."[51] The *forum non conveniens* doctrine permits the Court,

> in the exercise of its sound discretion, [to] dismiss a case when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to the defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems.[52]

In this case, Fancelli must show that "an adequate alternative forum exists and that the relevant private and public interests weigh heavily in favor of dismissal."[53]

### A. The State of New York is an Adequate Alternative Forum.

██ Here, Fancelli argues that New York is an adequate alternative forum. It states that it, as a New York corporation, is amenable to process in New York and that the cause of action is cognizable in New York. The Court agrees that New York is an adequate alternative forum.

### B. The Private Interests Weigh Towards the Virgin Islands As the Better Forum.

Next, the Court weighs the private and public interests. As to the private interests involved, Fancelli argues that the "essential sources of proof"[54] are all in New York. It states — without evidentiary support — that relevant documents and testimony are in New York. It argues that it would incur "great delay and expense" as a result of having to localize subpoenas to obtain depositions and documentation from Molyneux and other witnesses in New York. On the other hand, Plaintiffs argue that, since the Virgin Islands is their home forum, they ought to enjoy the

---

[51] V.I. CODE ANN. tit. 5, § 4905 (1997).

[52] *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 42 (3d Cir. 1988).

[53] *C&C/Manhattan v. Sunex Int'l., Inc.*, 42 V.I. 3 (V.I. Terr. Ct. 1999).

[54] *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 181 (3d Cir. 1991).

strong presumption in favor of their choice of forum.[55] In addition, they note that the cause of action arose in the Virgin Islands and that the products in question are located here.

■ The Court agrees that the private interests weigh towards a finding that this is a proper forum. As Plaintiffs note, in the age of modern technology, the location of documents matters a great deal less in the forum analysis.[56] In addition, this is Plaintiffs' home forum and the location of the primary evidence of Plaintiffs' claim of breach — the cabinetry — is located here.

### C. Weighing the Public Interest Factors, the Court Finds That the Virgin Islands Is the Proper Forum for This Action.

■ As to the public interests, the Court considers "the administrative difficulties resulting from court congestion; the burden of jury duty on people of a community which has no relation to the litigation; the local interest in having controversies decided at home; and the avoidance of unnecessary problems in the application of foreign law."[57]

Fancelli argues that the locus of the controversy is New York, because the purchase order was issued there, the purchase order is a contract between two New York entities, and that the contract should be governed by New York contract law. In addition, Fancelli states that no "Virgin Islander or agency has a 'dog in this fight,' " other than Plaintiffs. On the other hand, Plaintiffs argue that Epstein is a Virgin Islands resident and L.S.J. has its principal address here.

The Court finds that the public interests weigh towards the Virgin Islands as the proper forum. Although the Court is constantly faced with new litigation, its calendar is not so congested that it cannot handle another case. In addition, the people of the community do have a relation

---

[55] *HCB, LLC v. Oversee.net*, 52 V.I. 894, 905 (D.V.I. 2009) (noting that the typical presumption in favor of a plaintiff's choice of forum may not apply as strongly when the chosen forum is not the plaintiff's home forum).

[56] *See, e.g., Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 911 N.E.2d 1057, 1070, 331 Ill. Dec. 827 (2009) ("[T]he location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of email, internet, telefax, copying machines and world-wide delivery services, since they now can be easily copied and sent.").

[57] *C&C/Manhattan*, 42 V.I. at 12 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S. Ct. 839, 91 L. Ed. 1055 (1947), *superseded by statute on other grounds*).

to the litigation, as the cause of action arose on Little St. James, an island in the Virgin Islands. In addition, the Court finds that there would not be unnecessary problems in the application of foreign law. Without more discovery and briefing, the Court is unwilling to decide at this stage whether the contract should be governed by New York or Virgin Islands law; but, if the Court ultimately decides that New York law should apply, it would not be unnecessarily difficult to apply New York law. Finally, the Virgin Islands has an interest in ensuring that its residents can secure just resolutions of their breach of contract claims.

## CONCLUSION

Plaintiffs properly served Fancelli in New York. The Court may exercise personal jurisdiction over Fancelli because it conducted business and performed a contract in the Virgin Islands. Plaintiffs have stated a claim for breach of a third-party contract, but must join Molyneux Studio in this action as a co-Plaintiff or as a Defendant.[58] Finally, the Virgin Islands is the better forum for this action. For these reasons, in separate Order issued today, Fancelli's Motion to Dismiss will be denied.

---

[58] FED. R. CIV. P. 19(A).

169